IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
AUG 24 2020
David J. Bradley, Clerk of Court

| | |
|---|---|
| GREG MACINTOSH, 1837470; § <br> RANULFO PEREZ, 1669622; § <br> DANIEL POLITTE, 2098197; § <br> ERIC COOPER, 1847582; § <br> JEROME NUTTROY, 2173407; § <br> NATHAN MAXWELL, 2071909; § <br> JERRY PHELPS, 1644159; § <br> THOMAS PARKER, 1876082, § <br>     Plaintiffs, § <br> v. § <br> § <br> LORIE DAVIS, Director, Texas Department § <br> of Criminal Justice, in her official § <br> capacity, and § <br> JEFFERY RICHARDSON, Head Warden, W.J. § <br> Estelle Unit, in his official § <br> capacity, § <br>     Defendants. § | COMPLAINT <br><br> Civil Action No. 4:20-cv-02610 |

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiffs seek declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiffs' claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Southern District of Texas, Houston Division, is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFFS

3. Plaintiff Greg MacIntosh is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice ("TDCJ"). He is currently confined in the W.J. EStelle Unit, in Huntsville, Texas.

4. Ranulfo Perez is a Spanish speaking Mexican and is and was at all times mentioned herein a prisoner of the State of Texas in the custody of TDCJ. He is currently confined in the W.J. Estelle Unit, in Huntsville, Texas.

5. Plaintiff Daniel Politte has both medically- and psychiatric-ordered heat restrictions and suffers from ulcerative colitis, a condition that causes blood in his feces. He is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the TDCJ. He is currently confined in the W.J. Estelle Unit , in Huntsville, Texas.

6. Eric Cooper has a medically-ordered heat restriction. He suffers from liver and kidney disease that cause chronic vomiting. He is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the TDCJ. He is currently confined in the W.J. Estelle Unit, in Huntsville, Texas.

7. Jerome Nuttroy is a Black American who suffers from a fecal-orally contagious disease. He is and was at all times herein mentioned a prisoner of the State of Texas in the custody of the TDCJ. He is currently confined at the W.J. Estelle Unit, in Huntsville, Texas.

8. Nathan Maxwell has an immune-related disease, Crohn's, which affects his bowels and impacts his use of the toilet. He is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the TDCJ. He is currently confined in the W.J. Estelle Unit in Huntsville, Texas.

9. Jerry Phelps is a 65 year-old senior citizen and an American with a Disability; he is blind. Phelps has both medically- and psychiatric-ordered heat restrictions. He is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the TDCJ. He is currently confined at the W.J. Estelle Unit in Huntsville, Texas.

10. Thomas Parker is an American with a Disability; he is blind. Parker has a medically-ordered heat restriction. He is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the TDCJ. He is currently confined in the W.J. Estelle Unit in Huntsville, Texas.

11. The following potential plaintiffs have all requested to be named plaintiffs. Each is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the TDCJ. Each is currently confined in the W.J. Estelle Unit in Huntsville, Texas: Cecil Wafer; Justin Fuller; Rodney Rachal; Michael Waters; Teodoro Hinajosa; Jorge Solorzano; Felix Moya; Robert Fleming; Robert Alvarez; Marcus Hawkins; Louis Cebrian; Edwin Lopez; Derrick Worrell; Joe Slutz; Angel Ramos; Lonnie Koch; Nigel Gardner; Gary Jones; Jesus Garcia; Jeffrey Seery; Roy Gusman; Robert Chitwood; Jose Torres; Daniel Garcia; Marcus Henslee; Montie Graham; Le-Jeral Guinn; Michael Godi; Ira Roberts; Jason Mcdaniel; Curry Batiste; Daniel Donley; U. Murray; Floyd Nyles; Willie Sellers; Gerald Edmundson; Michael Preston; Chris Mitchell; Kwame Wilson; Ervey Perches; Inosencio Aguilar; Isemaj Clay; C. Wilson; G. Balderas; Ricardo Rodriguez; Brandon Bronal; Kevin Cardenas; William Ayers; Rashad Harris; Sykes Marckiest; Raymond Joiner; Christopher Cliba; Termayne Smith; Willie Curnell; George Diamos; Leondro Garza; Terrence Sonny; Dedric Hilliard; Aaron Roacho; Joseph Martirf; Mason Butler; Kenneth Jordan; Rogelio Gomez; Erick Garcia; Juan Fuentes; Joshua Karr; Corey Gabriel; Mauricio Cabrera; Angel Razo; Sergio Facundo; Albert Brooks; Nick Jacques; Ricky Howard; Benino De La Garza; Shaun Braden; Ernest Gomez; Shaun Carmona; Corey Phillips; Taurean Craver; Dustin Bennett; Stephen Caple; Becenta Rios; Jaime Valle; Calvin Brewer; Jonathan Camacho; Donald Maze; Michael Leffingwell; and Sean Head.

12. The plaintiffs also bring this suit on behalf of those similarly situated or who will be similarly situated in the future.

### III. DEFENDANTS

13. Defendant Lorie Davis is the Director of Institutional Divisions for the Texas Department of Criminal Justice. She is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the W.J. Estelle Unit. She is sued in her official capacity. Her address is
TDCJ
861 B IH 45 North
Huntsville, Texas 77320

14. Defendant Jeffery Richardson is the Senior Warden at the W.J. Estelle Unit. He is legally responsible for the operation of the W.J. Estelle Unit and for the welfare of all the inmates
Jeffery Richardson
264 FM 3478
Huntsville, TX 77320

2

in that prison.

## IV. PREVIOUS LAWSUITS

15. The primary plaintiffs have no other lawsuits pending regarding their imprisonment, other than the possibility of a Section 2254 habeas corpus action.

## V. SANCTIONS

16. None of the primary plaintiffs have ever been sanctioned in any court.

## VI. EXHAUSTION OF REMEDIES

17. Roughly 40 known prisoners filed Step 1 grievances regarding the claims herein. As of this filing, 16 prisoners have appealed and exhausted their administrative remedies. Plaintiff Perez, grievance #2020155358 filed his Step 2 appeal on July 31. Plaintiff MacIntosh, grievance #2020145004, filed his Step 2 appeal on August 7, exhausting his administrative remedies. Plaintiff Politte, grievance #2020144996, exhausted his administrative remedies on August 8, and Plaintiff Nuttroy, grievance #2020148544, appealed his Step 1 and exhausted his administrative remedies. Jerry Phelps, a blind American, whose grievance #2020146000 specifically noted the Americans with Disabilities Act, exhausted his administrative remedies as well. Additional prisoners appealed grievance #s 2020144994, 2020145997, 2020145001, 2020148287m 2020145007, 2020148284, 2020148552, 2020146003 (ADA-Blind), 2020148046, and 2020145009, also exhausting their administrative remedies.

## VII. STATEMENT OF CLAIMS

18. Violating the Eighth Amendment's ban on cruel and unusual punishment, applied to the states through the Fourteenth Amendment, the defendants caused to be installed, and are continuing to cause to be installed, a system that:
    A. Limits the number of times a prisoner may flush his toilet to once every 5 minutes, without regard to whether additional flushes may be required during that 5 minute period;
    B. "locks out" the toilet for 1 hour for any attempt by the prisoner to flush his toilet during the 5 minute waiting period, even though a second flush does not actually occur, thereby penalizing conduct that is not prohibited, and where there is no means to tell if the toilet can be safely flushed or not without incurring the penalty;
    C. Where settings and specifications are such that the volume of water and the water pressure do not remove solid human waste from the toilet bowl during the first flush, instead causing said waste to be churned up and liquified in the bowl;
    all resulting in increased exposure, for extended periods of time, of each prisoner to his own and others' sounds, smells, and sights of human bodily waste and the hazardous human pathogens contained therein, increasing the risk of exposure to human waste via inhalation, ingestion, and contact, and by transmission via insect and animal vectors, such as flies, cockroaches,

3

mosquitoes, and mice, culminating in serious risk of injury to physical, mental, and emotional health and loss of dignity, and;
   D. Where said system uses colored lights as the only interface for communication to the user, an entirely visual system making no accomodations for blind prisoners as required by the Americans with Disabilities Act.

19. Violating the Eighth Amendment's ban on cruel and unusual punishment, applied to the states through the Fourteenth Amendment, the defendants have failed to mitigate the extreme summer at the W.J. Estelle Unit, where heat indices are regularly over 88 degrees, and often as high as 108 degrees, creating a substantial risk of serious injury or death as a result, and where the defendants have failed to adequately vent living areas to alleviate the increased odor of human feces and other waste due to the toilet system and to facilitate removal of human pathogens from the air, at risk of serious injury or death.

20. Violating the Eighth Amendment's ban on cruel and unusual punishment, applied to the states through the Fourteenth Amendment, the defendants have failed to provide a source of hot water to prisoners in the cells where, lacking any disinfecting chemicals, Personal Protective Equipment (PPE), or cleaning utensils (e.g. scrub brushes, sponges, scouring pads), hot water is the only remaining effective way to perform proper hygiene and cleaning of surfaces contaminated with human waste and pathogens present in increased amount, for longer periods of time, because of the flush limit system, at risk of serious injury or death.

21. Violating the Eighth Amendment's ban on cruel and unusual punishment, applied to the states through the Fourteenth Amendment, the defendants have failed to control the insect and rodent infestation in prisoner living and eating areas, including cockroaches, flies, mosquitoes, and mice, where those creatures are proven carriers of disease and vectors for the transmission of human pathogens and bodily waste, and where human pathogens and waste are present in increased amounts, for longer periods of time, increasing the risk of substantial, serious illness or death.

22. The plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiffs have been and will continue to be irrepairably injured by the conduct of the defendants unless this Court grants declaratory and injunctive relief which the plaintiffs seek.

## VIII. RELIEF REQUESTED

23. A declaration that the acts and omissions described herein violated the plaintiffs' rights under the Constitution and laws of the United States.

24. A preliminary injunction and permanent injunction ordering defendants Davis and Richardson to;
   A. Stop installing the toilet control system. This is the least intrusive remedy because it requires no action or requires the use of funds to accomplish. It maintains the status quo.
   B. Refrain from limiting an offender from flushing his toilet as needed, when the intent is to flush waste (not for the purpose of, for example, flooding the run). This remedy, too, is the least intrusive because it requires no action or monetary outlay.
   C. Remove any limit to a prisoner's ability to flush his toilet as needed where such a limit has already been installed. This is the least intrusive remedy to the violation because the system is reported by the manufacturer to be very easy to program.
   D. Remove any punative toilet lockout where such a lockout is without penological purpose (i.e. regaining control over an unruly block). This is the least intrusive remedy for the reasons listed above.
   E. Ensure that toilet water pressure and volume is sufficient to remove solid human waste when flushed. The means to accomplish this remedy are the least intrusive because this is a task already commonly performed regularly by inmate plumbers on the Estelle Unit.

F. Provide accomodations for blind offenders. The defendants, with the Maintenance Department, will need to identify ways to implement this.
G. Ensure that any prisoner at risk of injury or illness or death due to high heat is not exposed to heat indices over 88 degrees.
H. Ensure living areas are adequately ventilated.
I. Ensure that prisoners at risk of exposure to human waste and human pathogens have access to hot water in their cells, if disinfecting chemicals, PPE, and cleaning utensils are not provided.
J. Eliminate prisoners' exposure to disease and pathogen carrying insects and rodents.

25. A jury trial on all issues triable by jury.

26. Plaintiffs' costs in this suit.

27. Any additional relief this Court deems just, proper, and equitable.

Respectfully Submitted,

_____ 8/13/20
Greg MacIntosh, 1837470
Estelle Unit
264 FM 3478
Huntsville, Texas 77320

_____  _____  _____  _____
Ranulfo Perez, 1669622   Daniel Politte, 2098197   Eric Cooper, 1847582   Jerome Nuttroy, 2173407

_____  _____  _____
Nathan Maxwell, 2071909   Jerry Phelps, 1644159   Thomas Parker, 1876082


Executed at Huntsville, Texas on August 13, 2020

_____
Greg MacIntosh


PLAINTIFFS" DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand if I am released or transferred it is my responsibility to keep the court informed of my current mailing address, and failure to do so may result in the dimissal of this suit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an in forma pauperis lawsuit if I have brought three or more civil actions or appeals from a judgment in a civil action in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filling fee is paid.

Signed this 13th day of August, 2020.          _____
                                                Greg MacIntosh, 1837470

Greg MacIntosh
1837470
Estelle Unit
264 FM 3478
Huntsville TX
77320

United States Courts
Southern District of Texas
FILED
AUG 24 2020
David J. Bradley, Clerk of Court

US District Court
PO Box 61010
Houston, TX
77208




