United States District Court
Southern District of Texas
**ENTERED**
November 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREG MACINTOSH, § | |
| TDCJ # 01837470, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-cv-2610 |
| § | |
| WARDEN RICHARDSON, § | |
| § | |
| Defendant. § | |

## ORDER

Plaintiff Greg MacIntosh, an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"), filed this civil-rights action under 42 U.S.C. § 1983, (Docket Entry No. 1), challenging the conditions of confinement at the Estelle Unit under the Eighth Amendment. MacIntosh, who proceeds *pro se* and *in forma pauperis*, has filed an amended complaint (Docket Entry No. 8) with a brief in support (Docket Entry No. 9). MacIntosh has also filed a Notice of Appeal. (*See* Docket Entry No. 15). For the reasons explained briefly below, the amended complaint and brief in support will be stricken from the record and this case will be administratively closed pending appeal.

**1. Amended Complaint**

MacIntosh originally attempted to file this lawsuit on behalf of himself and 54 other inmates. (*See* Docket Entry No. 1). On August 14, 2020, the Court entered an order, which, among other things, dismissed without prejudice any claims purportedly brought

by any individual other than MacIntosh.[1]  (Docket Entry No. 7).  The Clerk's Office was instructed to remove all plaintiffs other than MacIntosh from the caption of the case.  (*Id.* at 3).  The order indicated that if any individual wished to pursue such claims, he or she must file a separate lawsuit which, in turn, would be subject to the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.SC. § 1915(b).  (*See id.*).  The order also stated that no amendments or supplements to the complaint may be filed without prior court approval, that a complete amended complaint must be attached to any motion to amend, and that any pleadings filed in violation of these directives may automatically be stricken from the record.  (*Id.* at 4).

MacIntosh has filed an amended complaint (Docket Entry No. 8), and brief in support (Docket Entry No. 9).  Both the amended complaint and the brief in support are signed by MacIntosh and seven other inmates.[2]  MacIntosh has not filed a motion for leave to amend the complaint.  Moreover, and in violation of this Court's August 14, 2020, Order, MacIntosh is attempting to add additional plaintiffs to this action.  For both these reasons, MacIntosh's amended complaint (Docket Entry No. 8) and brief in support (Docket Entry No. 9) will be stricken from the record.

---

[1] The August 14, 2020, Order also granted MacIntosh's application for leave to proceed IFP, denied as moot a second application for leave to proceed IFP, and denied his motion for appointment of counsel.

[2] In addition to the seven inmates who signed the amended complaint and brief in support, it appears that MacIntosh is attempting to add eighty-eight (88) purported plaintiffs as well, as evidenced by the addition of eighty-eight inmates' names and TDCJ numbers after MacIntosh's signature on the brief in support.  (*See* Docket Entry No. 9, at 22–23).

### 2. Notice of Appeal

MacIntosh has also filed a Notice of Appeal. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.") (quoting *Griggs*, 459 U.S. at 58). In his Notice of Appeal, MacIntosh asserts that this Court has failed to enter any orders in this case. (*See* Docket Entry No. 15). Contrary to this assertion, and as noted above, the Court has issued an interlocutory order ruling on MacIntosh's motions in the usual course of screening his case. Nonetheless, MacIntosh has filed a Notice of Appeal. The Court therefore certifies that this appeal is not in good faith because there is no appealable order.

"To proceed IFP on appeal, a movant must demonstrate that he is a pauper and that he will raise nonfrivolous issues on appeal." *Castillo v. Self*, 350 F. App'x 957, 958 (5th Cir. 2009) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). Although it appears that MacIntosh is financially eligible to proceed as a pauper, he does not raise a nonfrivolous issue on appeal because the Fifth Circuit's "appellate jurisdiction is ordinarily limited to '*final decisions* of the district courts of the United States.'" *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010) (emphasis supplied) (quoting 28 U.S.C. § 1291). Here, MacIntosh states in his Notice of Appeal that he is

appealing because "of the District Court's failure to enter any orders in the above-named cause[,]" and then he lists the filings docketed at Docket Entry Nos. 1, 3, 4, 5, 8, 12, and 14—ostensibly the filings MacIntosh asserts that the Court has "failed" to have taken any action on. However, as explained above, the Court has issued an order ruling on three of MacIntosh's motions and is still in the process of screening MacIntosh's complaint. Thus, there has been no final disposition of all parties and claims in this case and no final judgment has issued. MacIntosh does not raise any nonfrivolous issue in his Notice of Appeal.

Accordingly, the Court will deny the pending motions in this case without considering their merits and direct the Clerk to stay and administratively close this case because there is an appeal pending. *See Griggs*, 459 U.S. at 58; *Wooten*, 964 F.3d at 403.

### 3. Conclusion and Order

Accordingly, the Court **ORDERS** as follows:

1. The Amended Complaint (Docket Entry No. 8) and Brief in Support (Docket Entry No. 9) are **STRICKEN** from the record.

2. This case is **STAYED** and **ADMINISTRATIVELY CLOSED** until MacIntosh's appeal is completed.

3. To proceed with this case, MacIntosh must file a written "Motion to Reinstate" within **thirty (30)** days *after* the United States Court of Appeals for the Fifth Circuit has issued a final decision on his appeal.

4. All pending motions are **DENIED** at this time, without prejudice to reconsideration in the event that this case is reinstated.

The Clerk shall provide a copy of this order to the plaintiff.

SIGNED at Houston, Texas on November 5, 2020.



_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE